# EXHIBIT A

IN THE CIRCUIT COURT, FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR BAY COUNTY, FLORIDA.

CASE NO.:

DIVISION:

SHAVONNE BELLAMY, as an individual
Plaintiff,

VS.

JAMES L. SMITH, as an individual, and AIRBNB, INC., a foreign for-profit corporation.
Defendants.

---

**COMPLAINT**

Plaintiff, SHAVONNE BELLAMY, as an individual (hereinafter "Plaintiff) by and through the undersigned attorney, hereby sues Defendants, JAMES L. SMITH, and AIRBNB INC., and state as follows:

**JURISDICTION AND VENUE**

1. This is an action for negligence that totals more than the sum of FIFTY THOUSAND DOLLARS ($50,001.00) exclusive of costs, interest, and attorneys' fees. The actual value of the claim(s) will be determined by a fair and impartial jury in accordance with Article I, Section 21, Fla. Const.

2. This Court has subject matter jurisdiction pursuant to Article V, §6(b) of the Florida Constitution and Section 86.011, Florida Statutes (2022).

3. Venue is appropriate in Bay County, Florida pursuant to §47.011, Florida Statutes (2022) because the incident giving rise to this action happened in Bay County.

4. At all times material hereto, Plaintiff was and remains a resident of Tallahassee, Leon County, Florida.

5. At all times material hereto, Defendant James L. Smith, (hereinafter "Smith") was and is the owner/host of the Accommodation located at 5801 Beach Drive, Unit B Panama City Beach, Florida United States, and who is authorized to do and is doing business in Panama City Beach, Bay County, Florida.

6. The Accommodation, is a private home located at 5810 Beach Drive, Unit B Panama City Beach, (hereinafter "the Accommodation").

7. At all times material hereto, the Defendant, AIRBNB, INC (hereinafter referred to as "Airbnb"), was and is a foreign, for-profit Delaware corporation, headquartered in San Francisco, California, and is licensed to transact business, and does business in the State of Florida including in Bay County.

8. Airbnb is an online marketplace and booking platform, a website which allows "hosts" to advertise and book "accommodations" or rental properties.

9. Airbnb exercises significant control over the property by facilitating the listing, booking, and payment processes. Specifically, its agents and/or employees and/or subsidiaries accept and disburse payments to "hosts" for rentals of each "accommodation" for a fee.

10. Pursuant to Airbnb's terms and conditions, all electronic communications are required to go through Airbnb online platform or mobile application (hereinafter "the Platform") and "hosts" are only identified by the first names with an accompanying profile including a photo.

11. Defendant James L. Smith, the property owner, as the legal titleholder and primary manager of the premises, acting as a host of Airbnb, maintains a direct and active role in its operation, maintenance, and availability for bookings. They possess the ultimate authority to determine rental rates, establish house rules, and grant access to guests.

12. Defendants jointly and severally exert dominion and control over the property.

13. All conditions precedent to the bringing of this lawsuit have occurred or have been waived.

## GENERAL ALLEGATIONS

14. On February 16, 2023, Plaintiff, a business invitee, rented the Accommodation from Smith on Airbnb's platform with plans to stay at the Accommodation from Friday, May 19, 2023 through Sunday, May 21, 2023.

15. Plaintiff paid fees, costs, and taxes directly to AIRBNB for the Accommodation and AIRBNB directly reimbursed Smith for use of the Accommodation.

16. Plaintiff arrived to the Accommodation on May 19, 2023.

17. Shortly after settling in, Plaintiff ventured out onto the balcony at the accommodation. The balcony suddenly and unexpectedly became unattached from the wall, causing her to plummet from the second floor to the ground floor. A multitude of patio furniture and debris also descended, landing on top of her.

18. Defendants had prior notice that the balcony was unsafe.

19. Defendants failed to provide Plaintiff with notice that the balcony was unsafe.

20. Plaintiff did not contribute in any way to the incident or to her injuries.

## PLAINTIFF'S DAMAGES

21. As a result of the incident, Plaintiff suffered injuries and sought medical assistance.

22. As a result of the incident, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are permanent, and the Plaintiff will suffer the losses in the future.

**COUNT I- NEGLIGENCE**
**BELLAMY v. JAMES L. SMITH**

The Plaintiff pursuant to Rule 1.130(b) Florida Rules of Civil Procedure, hereby incorporates and realleges paragraphs 1 – 20 as though fully pled in Count I.

23. At all material times, Smith, had a duty to:

i. Safely and adequately maintain the Accommodation free of any unreasonably dangerous conditions;

ii. To inspect or adequately inspect the Accommodation for any unreasonably dangerous conditions;

iii. To warn business invitees of unreasonably dangerous conditions;

iv. To hire and train or adequately train their agents and/or employees to warn business invitees of unreasonably dangerous conditions;

v. To act reasonably under the circumstances.

24. At all times material hereto, Smith and/or its agents and/or employees breached its duty owed to Plaintiff by committing one or more of the following acts or omissions:

i. Failing to maintain, adequately and safely maintain the Accommodation free of any unreasonably dangerous conditions;

ii. Failing to inspect or adequately inspect the Accommodation for any unreasonably dangerous conditions;

iii. Failing to correct or remove from the Accommodation any unreasonably dangerous conditions;

iv. Failing to warn business invitees of unreasonably dangerous conditions;

v. Failing to hire and train or adequately train their agents and/or employees to warn business invitees of unreasonably dangerous conditions;

vi. Failing to hire and train or adequately train their agents and/or employees to inspect and maintain the premises in a safe condition;

vii. Failing to act reasonably under the circumstances; and/or

viii. Other acts and omissions that may be discoverable at trial.

25. As a direct and proximate result of Smith's negligence, Plaintiff suffered damages including, permanent bodily injury, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical treatment, loss of earning, loss of the ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

26. Smith's negligence directly and/or proximately caused the Plaintiff's damages.

**WHEREFORE**, Plaintiff demands judgment against Smith for all damages permitted by Florida law, including costs, prejudgment interest on medical expenses incurred and post-judgment interest.

**COUNT II- NEGLIGENCE**
**BELLAMY v. AIRBNB, INC.**

The Plaintiff pursuant to Rule 1.130(b) Florida Rules of Civil Procedure, hereby incorporates and realleges paragraphs 1 – 20 as though fully pled in Count I.

27. At all times material, Airbnb, had the following duties to users of their platform, including:

a. To ensure that accommodations are safe and suitable for use;

b. To control the quality of the accommodations; and

c. To ensure the safety of all users while at or in the accommodations.

30. Airbnb breached its duties to Plaintiff by one or more of the following acts or omissions:

a. Failing to ensure that the Accommodation was safe and suitable for use as an Accommodation;

b. Failing to control the quality of the Airbnb property;

c. Failing to ensure Plaintiff's safety while at the Accommodation; and/or

d. Other acts and/or omissions that may become discoverable at trial.

31. As a direct and proximate result of Airbnb's acts and/or omissions as set forth above, Plaintiff has been damaged suffering monetary and non-monetary damages.

**WHEREFORE,** Plaintiff, demands judgment against Airbnb for the total damages suffered by Plaintiff and any other relief this Court deems proper and just.

**COUNT III- VICARIOUS LIABILITY**
**BELLAMY v. AIRBNB, INC.**

The Plaintiff pursuant to Rule 1.130(b) Florida Rules of Civil Procedure, hereby incorporates and realleges paragraphs 1 – 20 as though fully pled in Count I.

32. Airbnb owed a duty of care to its guests, including the Plaintiff, to ensure that the properties listed on its platform were safe and suitable for occupancy.

33. Airbnb acts as an agent for its hosts, such as Smith, by exercising significant control and influence over the hosting process, including the terms and conditions set for hosts, background checks conducted on hosts, and the approval process for property listings.

34. Airbnb exercises a high degree of control and supervision over the hosts and properties listed on its platform, which extends to safety requirements and guidelines.

35. Airbnb either had actual knowledge or should have known about the unsafe conditions of the property in question based on the following:

a. Smith, the host, had a documented history of poor maintenance and previous safety-related incidents.

36. Despite having knowledge or the duty to know about the unsafe conditions, Airbnb failed to take appropriate action, including:

a. Allowing the property to remain listed despite knowledge of the issues.

b. Failing to conduct adequate inspections or maintenance checks.

c. Neglecting to warn guests about potential hazards.

37. Airbnb failure to act was a proximate cause of the Plaintiff's injuries and damages, including the balcony collapse.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find Airbnb, vicariously liable for the actions and omissions of its host, and award the relief sought in this Complaint.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues raised in this action.

Respectfully submitted,

Plata Schott Law
BY: Belkis Plata
Belkis Plata B.C.S.
Florida Bar No. 85198
Shannon Schott B.C.S.
Florida Bar No: 85380
4411 Sunbeam Rd. #23519
Jacksonville, Florida 32241
Phone: 904.619.5244
Fax: 904.485.8805
Email: Belkis@PlataSchott.com
Email: Shannon@PlataSchott.com
Attorneys for Plaintiff